**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

MICHELLE EDWARDS,

              Plaintiff,

vs.

THOMSON REUTERS (TAX &
ACCOUNTING) INC.,

              Defendant.

**Civil Action No. 1:19-cv-00093**

---

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

**NELSON MULLINS RILEY &**
**SCARBOROUGH LLP**

Mitchell Boyarsky

280 Park Avenue, 28th Floor
New York, New York 10017
Tel: (646) 428-2619
Fax: (646) 428-2610
mitch.boyarsky@nelsonmullins.com

*Counsel for Defendant*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT ....................................................................................................................... 3

    I.       PLAINTIFF'S EQUAL PAY ACT AND SECTION 1981
            DISCRIMINATION CLAIMS SHOULD BE DISMISSED WITH
            PREJUDICE FOR FAILURE TO STATE A CLAIM ........................................... 3

         A.     Legal Standard ......................................................................... 3

         B.     Plaintiff Fails to State a Claim Under the EPA by Showing that
              Her Job Is Substantially Equal to an Alleged Higher Paying Job .............. 4

         C.     Plaintiff Fails to State a Discrimination Claim Under Section 1981
              Because She has not Shown Any Adverse Employment Action
              Motivated by Discriminatory Intent ........................................................... 9

         D.     Plaintiff's EPA and Section 1981 Discrimination Claims Should be
              Dismissed with Prejudice Because Any Further Amendment
              Would be Futile ......................................................................................... 11

CONCLUSION .................................................................................................................. 14

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ...................................................................................................................... 3

     I.     PLAINTIFF'S EQUAL PAY ACT AND SECTION 1981
           DISCRIMINATION CLAIMS SHOULD BE DISMISSED WITH
           PREJUDICE FOR FAILURE TO STATE A CLAIM .......................................... 3

           A.     Legal Standard ......................................................................................... 3

           B.     Plaintiff Fails to State a Claim Under the EPA by Showing that
                   Her Job Is Substantially Equal to an Alleged Higher Paying Job.............. 4

           C.     Plaintiff Fails to State a Discrimination Claim Under Section 1981
                   Because She has not Shown Any Adverse Employment Action
                   Motivated by Discriminatory Intent.......................................................... 9

           D.     Plaintiff's EPA and Section 1981 Discrimination Claims Should be
                   Dismissed with Prejudice Because Any Further Amendment
                   Would be Futile......................................................................................... 11

CONCLUSION.................................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abdullajeva v. Club Quarters, Inc.*,
    No. 96 CIV. 0383 (LMM), 1996 WL 497029 (S.D.N.Y. Sept. 3, 1996)...................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...............................................................................................................3

*Baumgardner v. ROA Gen., Inc.*,
    864 F. Supp. 1107 (D. Utah, 1994)......................................................................................7

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..........................................................................................................3, 6

*Black v. N.Y. Univ. Medical Ctr.*,
    No. 94 Civ. 9074 (SS), 1996 WL 280802 (S.D.N.Y. May 24, 1996)...................................8

*Dove v. Fordham Univ.*,
    56 F. Supp. 2d 330 (S.D.N.Y. 1999)....................................................................................9

*EEOC v. Port. Auth. of N.Y. & N.J.*,
    768 F.3d 247 (2d Cir. 2014)..........................................................................................3, 4, 9

*Eng v. City of N.Y.*,
    No. Civ. 1282 (DAB), 2017 WL 1287569 (S.D.N.Y Mar. 29, 2017) ...............................7, 13

*Evans-Gadsden v. Bernstein Litowitz Berger & Grossman, LLP*,
    332 F. Supp. 2d 592 (S.D.N.Y. 2004)..................................................................................14

*Foman v. Davis*,
    371 U.S. 178 (1962)............................................................................................................11

*Gibson v. Jacob K. Javits Convention Ctr. of N.Y.*,
    No. 95 Civ. 9728 (LAP), 1998 WL 132796 (S.D.N.Y. Mar. 23, 1998) ................................8

*Gillman v. Inner City Broad. Corp.*,
    No. 08 Civ. 8909(LAP), 2009 WL 3003244 (S.D.N.Y. Sept. 8, 2009)....................................3

*Grant v. N.Y. Times Co.*,
    No. 16-cv-03175 (PKC), 2017 WL 4119279 (S.D.N.Y. Sept. 14, 2017)................................4

*Grimes v. Fremont Gen. Corp.*,
    785 F. Supp. 2d 269 (S.D.N.Y. 2011)..............................................................................9, 10

*Hughes v. Xerox Corp.*,
    37 F. Supp. 3d 629 (W.D.N.Y. 2014) ..................................................................6

*Jin v. Metropolitan Life Ins. Co.*,
    310 F.3d 84 (2d Cir. 2002).............................................................................11

*Korova Milk Bar of White Plains, Inc. v. PRE Properties, LLC*,
    No. 11 civ. 3327(ER), 2013 WL 417406, at *9 (S.D.N.Y. Feb. 4, 2013) .............11

*Koster v. Chase Manhattan Bank, N.A.*,
    609 F. Supp. 1191 (S.D.N.Y. 1985)...................................................................7

*Lanzo v. City of N.Y.*,
    No. 96-CV-3242(ILG), 2000 WL 804628 (E.D.N.Y. May 18, 2000)...................10

*Lehman v. Bergmann Assocs., Inc.*,
    11 F. Supp. 3d 408 (W.D.N.Y. 2014) ..................................................................6

*Littlejohn v. City of N.Y.*,
    795 F.3d 297 (2d Cir. 2015)..............................................................................9

*Maack v. Wyckoff Heights Medical Ctr.*,
    No. 15 Civ. 3951 ER, 2016 WL 3509338 (S.D.N.Y. June 21, 2016)...................5, 8

*Maack v. Wyckoff Heights Medical Ctr.*,
    No. 15 Civ. 3951 (ER), 2017 WL 4011395, at *8 (S.D.N.Y. Sept. 11, 2017),
    *aff'd*, 740 Fed. Appx. 1 (2d Cir. Oct. 17, 2018)..........................................5, 11, 14

*Mazzella v. RCA Global comm., Inc.*,
    642 F. Supp. 1531 (S.D.N.Y. 1986)..................................................................10

*Murdaugh v. City of N.Y.*,
    No. 10 Civ. 7218(HB), 2011 WL 1991450 (S.D.N.Y. May 19, 2011)..................12

*NECA-IBEW Pension Trust Fund v. Lewis*,
    607 Fed. Appx. 79 (2d Cir. 2015)....................................................................12

*Panther Partners Inc. v. Ikanos Commc'n, Inc.*,
    681 F.3d 114 (2d Cir. 2012)............................................................................12

*Shumway v. United Parcel Serv., Inc.*,
    118 F.3d 60 (2d Cir. 1997)................................................................................9

*Suzuki v State Univ. of N.Y. Coll. At Old Westbury*,
    No. 08-CV-4569 (TCP), 2013 WL 2898135 (S.D.N.Y. June 13, 2013) ...................5

*Vega v. Hempstead Union Free Sch. Dist.*,
    801 F.3d 72 (2d Cir. 2015)............................................................................3, 11

*Weinreb v. Xerox Bus. Servs., LLC Health and Welfare Plan*,
  323 F. Supp. 3d 501 (S.D.N.Y. 2018), *appeal docketed*, No. 18-2809 (2d Cir.
  Sept. 21, 2018) ............................................................................................................9

*Werst v. Sarar USA Inc.*,
  No. 17-CV-2181 (VSB), 2018 WL 1399343 (S.D.N.Y. Mar. 16, 2018)................................5

*Wood ex rel U.S. v. Applied Research Assocs., Inc.*,
  328 Fed. Appx. 744 (2d Cir. 2009)......................................................................................3

*Yusuf v. Vassar Coll.*,
  35 F.3d 709 (2d Cir. 1994)..................................................................................................10

## Rules

Fed. R. Civ. P. 12(b)(6).............................................................................................1, 3, 12

## Statutes

29 U.S.C. § 206(d)(1) ............................................................................................................4

Defendant Thomson Reuters (Tax & Accounting) Inc. ("Thomson Reuters" or "Defendant") hereby submits this Memorandum of Law in support of its Partial Motion to Dismiss Plaintiff's Second Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

Despite (1) seriously-flawed allegations in her First Amended Complaint, (2) a preview of the instant motion and constructive critique of the First Amended Complaint through Thomson Reuters' application for leave to file a Motion for More Definite Statement (Def.'s Letter Mot., ECF No. 18) ("Application") and (3) a Court conference conducted on June 12, 2019, for such application in which Plaintiff was well-advised[1] by the Court of the material deficiencies in her First Amended Complaint, she filed a Second Amended Complaint ("Second Am. Compl.") that is equally deficient regarding her Equal Pay Act ("EPA") and § 1981 claims. Such deficiencies warrant dismissal pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice, and without leave to further amend, given the ample opportunity and guidance Plaintiff received to cure such deficiencies, all to no avail.

On June 12, 2019, this Court held a pre-motion conference ("Conference") regarding Thomson Reuters' proposed Motion for a More Definite Statement. Prior to the Conference, Thomson Reuters sought permission to file its Motion (*See generally* Def.'s Letter Mot., ECF No. 18) because the deficiencies in Plaintiff's First Amended Complaint made it impossible for Thomson Reuters to formulate a response without the risk of prejudice.  The deficiencies in Plaintiff's First Amended Complaint, as identified in Thomson Reuters' Application, were fourfold by failing to: (1) allege the name of a single comparator; (2) plead how her job and the higher paying position required "substantially equal" skill, effort and responsibility than that of

---

[1] The transcript of the conference (ECF No. 22), attached hereto as Exhibit A, contains a statement by the Court suggesting that the First Amended Complaint was ripe for a motion to dismiss.

unnamed comparators; (3) plead the manner in which she was targeted solely on the basis of her gender or race; or (4) plead the protected activity in which she allegedly engaged as a predicate for retaliation under her § 1981 retaliation claim or the nature of the adverse employment action she claims to have suffered as a consequence of her purported complaint.

In accordance with the Court's recommendation conveyed at the pre-motion conference, on June 19, 2019, Plaintiff filed the Second Am. Compl. in an attempt to cure the foregoing identified deficiencies.  Plaintiff's Second Am. Compl., however, still falls woefully short of stating plausible EPA and § 1981 claims for discrimination.  First, Plaintiff's only remediation in the Second Am. Compl. for her EPA claim is to provide the name of a single "such as" male comparator.  The EPA claim remains infected by its fundamental legal flaw, in that Plaintiff has not alleged any facts to demonstrate that she was paid less for "substantially equal" work, as required under the EPA.  Similarly, Plaintiff did nothing to remedy the flaws of her § 1981 discrimination claim.  Plaintiff did not add any factual allegations to show that Thomson Reuters' failure to promote her or pay her more than the "such as" male comparator was motivated by racial animus.  Because Plaintiff has repeatedly failed to cure the deficiencies in her prior pleadings to demonstrate the viability of her claims despite multiple opportunities to do so, it is evident that she cannot do so and any further amendment of the complaint would be futile.

For these reasons and the reasons set forth below, Plaintiff's EPA and § 1981 discrimination claims should be dismissed with prejudice.

## ARGUMENT

I. **PLAINTIFF'S EQUAL PAY ACT AND SECTION 1981 DISCRIMINATION CLAIMS SHOULD BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM.**

### A.   Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts to demonstrate a plausible entitlement to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Wood ex rel U.S. v. Applied Research Assocs., Inc.*, 328 Fed. Appx. 744, 746 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72 (2d Cir. 2015) (citing *Twombly*, 550 U.S. at 555).  When assessing the sufficiency of a complaint, a court must distinguish factual contentions from "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678.  Legal conclusions are "not entitled to the assumption of truth" by the court. *Id.* at 679.  Rather, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

Additionally, with respect to employment discrimination claims, a complaint "must at a minimum assert non-conclusory factual matter sufficient to 'nudge its claims across the line from conceivable to plausible' to proceed." *Vega*, 801 F.3d 72, 87*; EEOC v. Port. Auth. of N.Y. & N.J.*, 768 F.3d 247 (2d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 680); *Gillman v. Inner City Broad. Corp.*, No. 08 Civ. 8909(LAP), 2009 WL 3003244, at *3 (S.D.N.Y. Sept. 8, 2009) ("[t]he *Iqbal*

plausibility standard applies in conjunction with employment discrimination pleading standards.").

    **B.**    <u>Plaintiff Fails to State a Claim Under the EPA by Showing that Her Job Is Substantially Equal to an Alleged Higher Paying Job.</u>

To state a plausible claim under the EPA, Plaintiff must allege specific facts to show that the position she held and that of a male comparator outside the protected class were (1) "substantially equal" in skill, effort, and responsibility; and (2) performed under similar working conditions. *See* 29 U.S.C. § 206(d)(1); *see also, e.g.*, *E.E.O.C.*, 768 F.3d at 254 (a plausible EPA claim must include sufficient factual allegations, which, if accepted as true, "permit a reasonable inference that the relevant employees' job content was 'substantially equal'" in skill, effort, and responsibility); *Grant v. N.Y. Times Co.*, No. 16-cv-03175 (PKC), 2017 WL 4119279, at *6 (S.D.N.Y. Sept. 14, 2017) (same).   Under this "substantially equal" standard, Plaintiff is not required to establish that her job is identical to a comparator's position; however, Plaintiff must allege specific facts to show that the jobs in question are more than just "merely comparable." *E.E.O.C*, 768 F.3d at 255 (reiterating that "[w]hile the equal work inquiry does not demand evidence that a plaintiff's job is 'identical' to a higher-paid position, the standard is nonetheless demanding, requiring evidence that the jobs compared are 'substantially equal.'").

Plaintiff's Second Am. Compl. still fails to state a plausible EPA claim because Plaintiff has not alleged any facts to demonstrate how the position she held, and that of the alleged male comparator[2] were "substantially equal."   (*See generally* Second Am. Compl., ECF No. 20.) First, Plaintiff alleges that she received "substantially less" base compensation and bonus than "at least one similarly-situated male co-worker in her department" for "substantially equivalent work (*i.e.*, job content and responsibilities)."   (*See* Second Am. Compl., ECF No. 20, ¶¶ 12-13,

---

[2] Plaintiff merely alleged one comparator but ambiguously plead "such as" his name, which does not constitute multiple comparators.  (*See* Second Am. Compl., ¶ 12.)

21.)  Plaintiff's bald and formulaic recitation of the elements of an EPA claim, however, cannot support an EPA claim because it does not meet the requisite standard of demonstrating that Plaintiff received lesser pay for substantially equal work performed under similar working conditions.  *See, e.g.*, *Maack v. Wyckoff Heights Medical Ctr.*, No. 15 Civ. 3951 ER, 2016 WL 3509338, at *11 (S.D.N.Y. June 21, 2016) (explaining that an EPA claim "devoid of any allegations [as to] whether Plaintiff and [her comparator] performed a 'substantially similar' job is subject to dismissal).  In *Maack*, this Court later dismissed the plaintiff's amended complaint with prejudice after the court afforded plaintiff leave to amend the original complaint to cure her pleadings.  No. 15 Civ. 3951 (ER), 2017 WL 4011395, at *8 (S.D.N.Y. Sept. 11, 2017), *aff'd*, 740 Fed. Appx. 1 (2d Cir. Oct. 17, 2018).  Likewise, here, Plaintiff did not plead that she was employed in a similar position as her male comparators, or that she was of comparable qualification, experience, and skill.  (*See generally* Second Am. Compl., ECF No. 20.)  She did not cure the material deficiencies of her First Amended Complaint.  (*See generally id.*)

Although Plaintiff amended the complaint yet again to provide the name of a single male co-worker who allegedly received a disproportionately higher salary, other than generally alleging that the individual works in the same department, Plaintiff did not allege that this individual held the same position as Plaintiff, or that the performance of his job required "substantially equal skill, effort, and responsibility."  (*See* Second Am. Compl., ECF No. 20, ¶¶12-13.); *Werst v. Sarar USA Inc.*, No. 17-CV-2181 (VSB), 2018 WL 1399343, at *8 (S.D.N.Y. Mar. 16, 2018) (finding plaintiff's conclusory allegations that "similarly situated male employees" were paid more insufficient to state a plausible EPA claim); *Suzuki v State Univ. of N.Y. Coll. At Old Westbury*, No. 08-CV-4569 (TCP), 2013 WL 2898135, at *4 (S.D.N.Y. June 13, 2013) ("[b]ald allegations that male employees were paid more than female employees . . .

will not survive a motion to dismiss, particularly in light of the standards set forth in *Bell Atlantic Corporation v. Twombly*.")

Further, Plaintiff neglects to allege any material aspects of the comparative analysis for her claim, such as the location where he worked (Carrollton, Texas or elsewhere), the length of time he was employed, his compensation structure as compared to hers, the amount of his base salary and his bonus or variable compensation and the comparison of his compensation terms to hers, whether they both worked under the same work rules and conditions, etc. The Second. Am. Compl. is devoid of any allegations that demonstrate a comparison – let alone a meaningful one. *See, e.g.*, *Hughes v. Xerox Corp.*, 37 F. Supp. 3d 629, 645 (W.D.N.Y. 2014) (stating "[d]istrict courts have not hesitated to dismiss equal pay discrimination claims where the plaintiff simply alleges, in a conclusory manner with no supporting factual basis, that she was paid less than her male co-workers for the same or similar work."); *Lehman v. Bergmann Assocs., Inc.*, 11 F. Supp. 3d 408, 420 (W.D.N.Y. 2014) (dismissing EPA claim where plaintiff "alleges no facts relative to the conclusion that men were paid more than women."). Moreover, were Plaintiff to argue in opposition that she does not know the facts, which is the reason she needs to conduct discovery, such an excuse is not a viable alternative to her obligation to satisfy the "substantially equal" standard.

Second, Plaintiff alleges that her "job responsibilities with respect to lead-generation managing were exactly the same as her counterparts in Carrollton, Texas," and sets forth a list of some job duties that Plaintiff and her male comparators allegedly performed. (*See* Second Am. Compl., ECF No. 20, ¶¶ 14-15.) Plaintiff also alleges that her "compensation was not commensurate to similarly situated, non-protected-class Senior Managers employed by Thomson Reuters." (*See id.* ¶ 20.) From this allegation, it is not clear to whom she refers despite having

had ample notice of her pleadings deficiencies that she should have cured were there facts to allege.  Such conclusory and incomplete allegations, however, do not even come close to satisfying the "substantially equal" standard.  *See E.E.O.C.*, 786 F.3d at 255.  Rather, to demonstrate that the jobs being compared are "substantially equal," Plaintiff must "establish that the jobs compared entail common duties or content, and do not simply overlap in titles or classifications."  *See id.*; *see also Eng v. City of N.Y.*, No. Civ. 1282 (DAB), 2017 WL 1287569, at *4 (S.D.N.Y Mar. 29, 2017) (dismissing EPA claim because "[p]laintiff provides no factual allegations that would allow the court to compare her job duties, skills and experience with those of the comparators.").

At best, Plaintiff's allegations merely suggest that some overlap exists between her job duties and that of her unnamed male comparators; Plaintiff has not actually set forth any specific facts to illustrate that she performed "substantially equal" work as compared to her coworkers. *See Abdullajeva v. Club Quarters, Inc.*, No. 96 CIV. 0383 (LMM), 1996 WL 497029, at *4-5 (S.D.N.Y. Sept. 3, 1996) (mem.) (requiring plaintiff to demonstrate that the overall job performed is substantially equal to a male employee's job, and not merely that certain component parts are the same); *Koster v. Chase Manhattan Bank, N.A.*, 609 F. Supp. 1191, 1194 (S.D.N.Y. 1985) (granting summary judgment in defendant's favor because areas of overlap between plaintiff's and comparators job duties were "not sufficient to show substantially equality under EPA"); *see also Baumgardner v. ROA Gen., Inc.*, 864 F. Supp. 1107, 1109 (D. Utah, 1994) (dismissing EPA claim because plaintiffs have done nothing more than "set[] forth a lengthy list of job duties . . . and allege in conclusory fashion that [defendant] violated the EPA").

Lastly, Plaintiff's allegations that her male coworkers, many of them who were either "junior to her or [who received] lesser evaluation marks," and her allegations regarding her

"exemplary" work performance and attendance, does nothing to salvage her deficient EPA claim. "The EPA prohibits unequal pay for equal work and not merely unequal pay." *Gibson v. Jacob K. Javits Convention Ctr. of N.Y.*, No. 95 Civ. 9728 (LAP), 1998 WL 132796, at *4 (S.D.N.Y. Mar. 23, 1998). Plaintiff's vague and conclusory allegations about her "exemplary" work performance and seniority, even if proven, does not establish the EPA's fundamental requirement—that Plaintiff received disparate pay for performing substantially equal work. At most, these allegations merely could be used to argue that Plaintiff was overqualified and underpaid for her job and that Plaintiff's male coworkers were underqualified and overpaid for their job. *See id.* at 4.

In sum, despite multiple opportunities to cure the deficiencies, Plaintiff's EPA claim still retains the same fatal flaws inherent in all her prior pleadings. *See infra* Section D; (*see also* June 12, 2019 Conference Tr., ECF No. 22, at 4:4-12; Second Am. Compl., ECF No. 20; First Am. Compl., ECF No. 3; Compl, ECF No. 1.) The Second Am. Compl., like the Complaint and the First Amended Complaint, are devoid of any allegations that male employees who performed substantially equal work were paid more *because* they were male. *See Black v. N.Y. Univ. Medical Ctr.*, No. 94 Civ. 9074 (SS), 1996 WL 280802, at *4 (S.D.N.Y. May 24, 1996) (requiring plaintiff to allege at least some facts that men doing substantially equal work were "paid more *on account of their gender.*"); *Gibson*, 1998 WL 132796, at *4 (explaining "[a]bsent an allegation that individuals who were paid unequal wages were performing substantially equal work, the claim must fail."), *see also Maack*, 2016 WL 3509338, at *11 (claim subject to dismissal for failure to allege work performed under "similar working conditions"). Accordingly, Plaintiff's EPA claim should be dismissed with prejudice as her repeated failure to set forth more than conclusory allegations that she was paid less for substantially equivalent

8

work demonstrates that she cannot cure the fundamental defects underlying her claim and that any further amendment would be futile. *See, e.g.*, *Weinreb v. Xerox Bus. Servs., LLC Health and Welfare Plan*, 323 F. Supp. 3d 501, 518 (S.D.N.Y. 2018), *appeal docketed*, No. 18-2809 (2d Cir. Sept. 21, 2018) (dismissing plaintiff's EPA claims with prejudice because plaintiff's second amended complaint failed to provide "any factual allegations whatsoever relating to actual job content or working conditions"); *see also infra* Section D.

C.   **Plaintiff Fails to State a Discrimination Claim Under Section 1981 Because She has not Shown Any Adverse Employment Action Motivated by Discriminatory Intent.**

Although Plaintiff is not required to allege facts "establishing each element of a prima facie case of discrimination to survive a motion to dismiss," at a minimum, Plaintiff must plead specific facts surrounding the alleged intentional and purposeful discrimination that connects Thomson Reuters' failure to promote her or to pay her higher wages to the motivation based on such racial animus toward her. *See, e.g.*, *E.E.O.C.*, 768 F.3d at 254; *Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 296 (S.D.N.Y. 2011) (quoting *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 338 (S.D.N.Y. 1999)). Plaintiff's Second Am. Compl. still falls short of stating a plausible § 1981 discrimination claim as she did not allege a single fact to demonstrate that Thomson Reuters targeted her and intentionally refused to promote her or to pay her higher wages *because* of her race.

To the extent Plaintiff attempts to demonstrate an inference of discrimination by showing that Thomson Reuters treated her less favorably than a similarly situated employee outside her protected class, Plaintiff must allege facts to show that the individuals with whom she attempts to compare herself are "similarly situated in all material aspects." *See, e.g.*, *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997); *Littlejohn v. City of N.Y.*, 795 F.3d 297, 312

9

(2d Cir. 2015) (explaining that "adverse actions taken against employees who are not similarly situated cannot establish an inference of discrimination.").  It is well-settled that amorphous and conclusory assertions that a comparator is "similarly situated," without more, are insufficient to create even an inference of discriminatory animus.  *See, e.g., Lanzo v. City of N.Y.*, No. 96-CV-3242(ILG), 2000 WL 804628, at *6 (E.D.N.Y. May 18, 2000) (rejecting argument that "an inference of discrimination" arises simply because another "similarly situated" non-Hispanic employee received a salary increase while plaintiff did not); *Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 296 (S.D.N.Y. 2011) (finding conclusory allegations that defendants discriminated against plaintiff by charging plaintiff higher interest rates than "similarly situated Caucasian mortgagees" insufficient to state a § 1981 claim).

Fellow "[e]mployees are not 'similarly situated' merely because their conduct might be analogized." *Mazzella v. RCA Global comm., Inc.*, 642 F. Supp. 1531, 1547 (S.D.N.Y. 1986). Rather, Plaintiff must allege some facts to show that the individuals with whom she attempts to compare herself were similarly situated because they reported to the same supervisor as Plaintiff, and were subject to the same standards governing performance evaluation and discipline.  *See id.* Here, other than her assertion that her colleagues were Caucasian and that she is African-American, and the conclusory label that they were "similarly situated," Plaintiff alleged no facts to show that Thomson Reuter's failure to promote her or to pay her higher wages had anything to do with her race.  (*See generally* Second Am. Compl., ECF No. 20.)  The Second Circuit and this Court have repeatedly held that such conclusory allegations of racial animus are insufficient to survive a motion to dismiss.  *See, e.g., Yusuf v. Vassar Coll.*, 35 F.3d 709, 714 (2d Cir. 1994) (affirming dismissal of plaintiff's § 1981 discrimination claim because plaintiff's assertions that "the panel members were white and that he is Bengali" is too conclusory and insufficient to

demonstrate racial bias); *Maack*, 2017 WL 4011395, at \*6 (emphasis in original) (explaining that even if plaintiff were eligible for protection under § 1981, "Plaintiff's claim fails because she does not allege *any* facts suggesting that she was subjected to discrimination *on account of* being Polish."), *aff'd*, 740 Fed. Appx. at 1-2 (dismissing § 1981 discrimination claim in amended complaint filed after this Court dismissed plaintiff's original complaint and granted leave to amend); *Korova Milk Bar of White Plains, Inc. v. PRE Properties, LLC*, No. 11 civ. 3327(ER), 2013 WL 417406, at \*9 (S.D.N.Y. Feb. 4, 2013) ("conclusory naked allegations are insufficient, fact-specific allegations of a causal link between the defendant's action and the plaintiff's race are required").

"In order to survive a motion to dismiss, Plaintiff's allegations must provide at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Vega*, 801 F.3d at 85.  Here, Plaintiff's conclusory allegations that "similarly-situated" Caucasian colleagues were promoted over her or paid higher wages than her are simply insufficient to meet this minimal burden.  Accordingly, similar to her EPA claim, Plaintiff's failure to allege any facts suggesting a causal connection between the alleged adverse employment action and her race, after three attempts to do so, indicates that she cannot cure this fatal defect and warrants dismissal of her § 1981 claim with prejudice.  *See infra* Section D.

**D.**    **Plaintiff's EPA and Section 1981 Discrimination Claims Should be Dismissed with Prejudice Because Any Further Amendment Would be Futile.**

Leave to amend complaints should be denied where the amendment would be futile.  *See, e.g.*, *Jin v. Metropolitan Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (stating that "the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party").  An amendment is considered futile if it fails to cure deficiencies in a prior pleading or if

11

it fails to state a claim under Rule 12(b)(6).  *See, e.g.*, *Panther Partners Inc. v. Ikanos Commc'n, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012); *Murdaugh v. City of N.Y.*, No. 10 Civ. 7218(HB), 2011 WL 1991450, at *2 (S.D.N.Y. May 19, 2011).  The same Rule 12(b)(6) standard applies for denying leave to amend complaints.  *See NECA-IBEW Pension Trust Fund v. Lewis*, 607 Fed. Appx. 79, 80 (2d Cir. 2015).

Were the Court to dismiss Plaintiff's Second Am. Compl. and Plaintiff to seek another opportunity to amend her Second Am. Compl., leave to amend should be denied because any further amendment would be futile.  Plaintiff has been given ample opportunity to demonstrate the viability of her claims through not one, but two amended complaints.  At the Conference on June 12, 2019, the Court put Plaintiff on notice that her Amended Complaint was vulnerable to a dismissal.  Thomson Reuters' Application provided Plaintiff the roadmap to cure the deficiencies but to no avail.  Despite being given multiple opportunities to cure the deficiencies in her prior pleadings, Plaintiff has repeatedly failed to state a plausible entitlement to relief with respect to her EPA and § 1981 discrimination claims.

First, as explained *supra*, Plaintiff's EPA claim is subject to dismissal because Plaintiff has not provided any facts to show that Thomson Reuters violated the EPA by paying female employees less than male employees for substantially equal work.  *See supra* Section B.  The only attempt Plaintiff made to improve the viability of her EPA claim is to provide the name of the single male comparator—D. Fermander.  (*See* Second Am. Compl., ECF No. 20, ¶¶ 12-13.) A plausible EPA claim, however, requires more than just the name of an alleged comparator— Plaintiff must allege specific facts to show that the male comparator was paid more for substantially equal work because he is male.  *See supra* Section B.

12

Similarly, Plaintiff's failure to demonstrate a causal connection between her race and any alleged adverse employment action is fatal to her § 1981 discrimination claim. *See supra* Section C. Plaintiff's vague and conclusory allegations that her "similarly-situated" Caucasian colleagues were promoted over her or paid higher wages than her, without more, cannot plausibly state an entitlement to relief for discrimination under § 1981. *See supra* Section C.

In short, Plaintiff has done nothing to fix the flaws pervading her prior pleadings. Plaintiff's failure to cure the deficiencies is patently unreasonable, considering the fact that Plaintiff was well aware of the specific deficiencies present in the First Amended Complaint.[3] Significantly, the Court directed Plaintiff, in amending her First Amended Complaint, to seek guidance from Thomson Reuters's Letter Motion for Leave to File a Motion for More Definite Statement for "some helpful areas where [she] can provide additional information." (*See* June 12, 2019 Conference Tr., ECF No. 22, at 4:19-22. *See generally* Def.'s Letter Mot., ECF No. 18.) The Court also instructed Plaintiff to provide "additional information concerning the extent of her job responsibilities and as much detail . . . about the individuals with whom she compares herself," all of which Plaintiff has failed to do. (*See* June 12, 2019 Conference Tr., ECF No. 22, at 4:23-5:1.)

Because Plaintiff has had multiple opportunities to allege sufficient facts to render her EPA and § 1981 discrimination claims plausible and yet, has repeatedly failed to do so, any further amendment of the complaint would be futile. *See, e.g.*, *Eng*, 2017 WL 1287569, at *4-5 (dismissing plaintiff's EPA claim with prejudice because "Plaintiff again fail[ed] to allege that

---

[3] On May 31, 2019, Thomson Reuters inadvertently filed its Motion for a More Definite Statement ("Motion") without first submitting a letter request pursuant to Section 2(A)(ii) of the Individual Practices of Judge Edgardo Ramos. (*See* Mot. for More Definite Statement, ECF No. 16.) Thus, Plaintiff had the benefit of previewing the contents of Defendant's Motion, which provided helpful case law and specific details on how Plaintiff may bolster her allegations in the First Amended Complaint. Her failure to sufficiently cure her fatal pleadings despite such a preview further solidifies the reason to dismiss and to prohibit any other amendment.

her job is substantially similar to those of the alleged comparators."); *Maack*, 2017 WL 4011395, at *8, *aff'd*, 740 Fed. Appx. at 1-2 (denying leave to amend because plaintiff cannot demonstrate that she would be able to cure the defects in her § 1981 claim that would survive a motion to dismiss); *Evans-Gadsden v. Bernstein Litowitz Berger & Grossman, LLP*, 332 F. Supp. 2d 592, 596, 598 (S.D.N.Y. 2004) (dismissing plaintiff's § 1981 claim with prejudice because plaintiff failed to demonstrate that the defendants' conduct was racially motivated in her amended complaint). Accordingly, Thomson Reuters respectfully requests this Court dismiss Plaintiff's EPA and § 1981 discrimination claims with prejudice and deny any further requests for leave to amend.

## CONCLUSION

For the reasons set forth herein, Defendant Thomson Reuters respectfully requests that this Court grant its Partial Motion to Dismiss Plaintiff's Second Amendment Complaint and dismiss Count I (Equal Pay Act) and Count II (§ 1981 Discrimination) with prejudice.

Dated: New York, New York
July 10, 2019

        **NELSON MULLINS RILEY &
SCARBOROUGH LLP**

        By: /s/ Mitchell Boyarsky
        Mitchell Boyarsky
        280 Park Avenue, 28th Floor
        New York, New York 10017
        Tel: (646) 428-2619
        Fax: (646) 428-2610
        mitch.boyarsky@nelsonmullins.com

        *Counsel for Defendant*

# EXHIBIT A

J6cnedwc

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

MICHELLE EDWARDS,

                 Plaintiff,

            v.                          19 Civ. 93 (ER)

THOMSON REUTERS (TAX &
ACCOUNTING) INC.,

                 Defendant.             Conference

------------------------------x
                                        New York, N.Y.
                                        June 12, 2019
                                        10:30 a.m.

Before:

                    HON. EDGARDO RAMOS,

                                        District Judge

                         APPEARANCES

THE JONES LAW FIRM
      Attorneys for Plaintiff
BY:  JEFFREY D. JONES

NELSON MULLINS RILEY & SCARBOROUGH LLP
      Attorneys for Defendant
BY:  MITCHELL BOYARSKY
```

J6cnedwc

1              (Case called)

2              MR. JONES:  My name is Jeffrey Jones.  I am appearing

3    on behalf of the plaintiff, Michelle Edwards.

4              THE COURT:  Good morning.

5              MR. BOYARSKY:  Good morning, your Honor.  Mitchell

6    Boyarsky, from the law firm Nelson Mullins, for the defendant

7    Thomson Reuters Tax and Accounting.

8              THE COURT:  Good morning to you.

9              This matter is on for a premotion conference.

10   However, I believe this is the first time the parties have

11   appeared.  So, Mr. Jones, let me begin with you.  Tell me a

12   little bit about your case.

13             You can remain seated.  Please speak directly into the

14   microphone.

15             MR. JONES:  Thank you, your Honor.  Our case is one

16   about two things.  We think the crux of it is she wasn't paid

17   at a commensurate level to her comparators, similarly situated

18   colleagues in a nonprotected class.

19             THE COURT:  OK.

20             Mr. Boyarsky, what is the basis for your proposed

21   motion?

22             MR. BOYARSKY:  The request for the motion, for the

23   more definite statement is to be able to answer the complaint.

24   Rather than make a motion to dismiss at this point, we thought

25   it would be more productive and maybe more effective for

J6cnedwc

1   plaintiff to articulate the claims, particularly the Equal Pay

2   Act claims and the Section 1981 racial discrimination and

3   retaliation claims.  Because the complaint lacks sufficient

4   allegations to respond, our motion seeks that those be amended,

5   an amended complaint, I guess the second amended complaint be

6   filed to provide for nonconclusory factual allegations that

7   would give plausible support for a minimal inference of

8   discriminatory intent and retaliatory intent, which is the

9   standard in this circuit for pleadings.

10          So the request is to amplify the pleadings to include

11  several allegations regarding comparator evidence, the nature

12  of the job responsibilities, duties, the skill and effort,

13  particularly for the Equal Pay Act claim and for the Section

14  1981 claim, the adverse employment action and the connection

15  between the adverse employment action and race.  The claim is

16  essentially race and gender.  The complaint lacks that nexus.

17  And for the retaliation claim under Section 1981 it does not

18  articulate sufficient pleadings regarding the alleged protected

19  activity.  Essentially the plaintiff claims that she complained

20  to the human resources department -- that is a very large

21  department -- sometime in 2017.  In order to respond to that it

22  would be appropriate to include more information regarding the

23  particular allegations, the time, the person who plaintiff

24  complained to, and anything else related to her alleged

25  protected activity.

4

J6cnedwc

<table>
<tbody>
<tr><td>1</td><td>THE COURT:  I do note that in Mr. Jones' response to</td></tr>
<tr><td>2</td><td>your letter he does provide some additional detail.  However,</td></tr>
<tr><td>3</td><td>obviously, Mr. Jones' letter is not the pleading.</td></tr>
<tr><td>4</td><td>Mr. Jones, I hold these premotion conferences to see</td></tr>
<tr><td>5</td><td>if we can avoid costly motion practice.  I have to say as I</td></tr>
<tr><td>6</td><td>read the complaint it's fairly thin.  You allege that</td></tr>
<tr><td>7</td><td>Ms. Edwards is a woman, she is an African-American, and she got</td></tr>
<tr><td>8</td><td>paid less than other people.</td></tr>
<tr><td>9</td><td>As I read the case law from the Supreme Court on down,</td></tr>
<tr><td>10</td><td>that is not sufficient.  If Mr. Boyarsky were to have moved to</td></tr>
<tr><td>11</td><td>dismiss, I would probably grant that motion without prejudice</td></tr>
<tr><td>12</td><td>for leave to amend.  So I think that we can all avoid a lot of</td></tr>
<tr><td>13</td><td>motion practice and a lot of time if you were to amend your</td></tr>
<tr><td>14</td><td>complaint to add additional detail of the type that you</td></tr>
<tr><td>15</td><td>provided in your letter and we take it from there.</td></tr>
<tr><td>16</td><td>Do you think that you could do that?</td></tr>
<tr><td>17</td><td>MR. JONES:  Absolutely, your Honor.  We are not</td></tr>
<tr><td>18</td><td>opposed to that.</td></tr>
<tr><td>19</td><td>THE COURT:  OK.  So why don't we do that.  I mean, I</td></tr>
<tr><td>20</td><td>take Mr. Boyarsky's letter -- not that I take, but I do think</td></tr>
<tr><td>21</td><td>that he provides some helpful areas where you might provide</td></tr>
<tr><td>22</td><td>additional information.  Again, I am not going to require you</td></tr>
<tr><td>23</td><td>to make up names she doesn't remember obviously, but to provide</td></tr>
<tr><td>24</td><td>some additional information concerning the extent of her job</td></tr>
<tr><td>25</td><td>responsibilities and as much detail as you can provide about</td></tr>
</tbody>
</table>

J6cnedwc

1   the individuals with whom she compares herself.

2             When do you think you could do that by?

3             MR. JONES:  I would respectfully like some time to

4   confer with my client.  I would say a week we could probably

5   get a turnaround and have something accurate and sufficient

6   within a week.

7             THE COURT:  How about by next Friday?

8             MR. JONES:  That is fine.

9             THE COURT:  What date is that, Ms. Rivera?

10            THE DEPUTY CLERK:  June 21.

11            THE COURT:  You will file I guess it will be the

12  second amended complaint by June 21.

13            Mr. Boyarsky, at that point you don't have to request

14  another pretrial motion.  If you think that you can answer,

15  then you can answer; or, if not, and you want to move for some

16  additional relief, you can do so without the need for a

17  premotion conference.  OK?

18            MR. BOYARSKY:  Yes, understood.  Thank you.

19            THE COURT:  Is there anything else that we can do

20  today, Mr. Jones?

21            MR. JONES:  Not that I am aware of, your Honor.

22            THE COURT:  Mr. Boyarsky?

23            MR. BOYARSKY:  No, your Honor.

24            THE COURT:  In that event, we are adjourned.

25            Thank you, folks.